TSUGAWA LAU AND MUZZI, LLLC

Christopher J. Muzzi     6939
Harbor Court
55 Merchant Street, Suite. 3000
Honolulu, HI 96813
Email:  cmuzzi@hilaw.us
Special Counsel to Dane S. Field, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| In re | Case No. 20-01383 (Chapter 7) |
|---|---|
| Wing Spirit Inc., | |
| Debtor. | Adv. Proceeding No. 22-90019 |
| DANE S. FIELD, Trustee of Wing Spirit, Inc. | TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR RELATED RELIEF; EXHIBIT "1"; MEMORANDUM IN SUPPORT OF MOTION; DECLRATION OF DANE S. FIELD IN SUPPORT OF MOTION |
| Plaintiff, v. | |
| TEIJIRO HANDA; YONATAN HAWAII, INC., | |
| Defendants. | Hearing: Date:   February 24, 2025 Time:   10:30 a.m. Judge:  Robert J. Faris |

## TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT AND FOR RELATED RELIEF; EXHIBIT "1"

DANE S. FIELD ("Trustee"), Trustee of the Estate of WING SPIRIT INC., the above-named Debtor, moves this Court for an Order as follows:

1. Approving the terms of an agreement under letter dated November 21, 2024 between the Trustee and Teijiro Handa., a copy of which is attached as Exhibit "1;"

2. Providing that any Order granting this Motion, upon entry, will be final for all purposes, including appeal; and

3. Providing for such other relief as is reasonable and appropriate.

This Motion is made pursuant to Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure, LBR 9013-1 and 9019-1; Exhibit "1," the Memorandum in Support of Motion and Declaration of Dane S. Field in Support of Motion and such other and further matters as may be presented herein.

DATED: Honolulu, Hawaii, January 8, 2025.

> /s/Christopher J. Muzzi
> CHRISTOPHER J. MUZZI
> Special Counsel to Dane S. Field,
> Chapter 7 Trustee

# EXHIBIT 1

U.S. Bankruptcy Court - Hawaii   #20-01383   Dkt # 437   Filed  01/08/25   Page 3 of 14

**TSUGAWA LAU & MUZZI**
A Hawaii Limited Liability Law Company

Tedson H. Koja
Alan K. Lau
Christopher J. Muzzi
Eric H. Tsugawa

HARBOR COURT
55 MERCHANT STREET, SUITE 3000
HONOLULU, HAWAII 96813

TELEPHONE: 808.531.0490
FACSIMILE: 808.534.0202
WEBSITE: http://hilaw.us

Of Counsel:
Frank T. Kanemitsu
Attorney At Law
A Law Corporation

November 21, 2024

Via Electronic Mail

adb@tsbhawaii.com

Teijiro Handa
c/o Addison D. Bonner
Tamashiro Sogi & Bonner, ALC
705 S. King Street, Suite 105
Honolulu, Hawaii 96813

Re: *Field v. Handa*, Bk. Adv. No. 22-90019
Wing Spirit Inc., Ch. 7 Case No. 20-10383

Dear Mr. Handa:

This letter agreement ("Agreement"), when fully executed and subject to Bankruptcy Court approval, will confirm the agreement between Dane S. Field ("Trustee"), Chapter 7 Trustee of Wing Spirit, Inc. ("Debtor"), and Teijiro Handa ("Mr. Handa").

Debtor filed a voluntary bankruptcy petition under Chapter 11 on November 29, 2020. On March 22, 2021, the Court entered an Order converting the case to Chapter 7 and the Trustee was appointed in the Chapter 7 case. On November 17, 2022, the Trustee initiated Adv. No. 22-90019 against Mr. Handa and Yonatan Hawaii, Inc. The Complaint contained two counts, which have been resolved by the following (1) the Order Granting Dane S. Field, Trustee of Wing Spirit's Motion for Summary Judgment Against Defendant Teijiro Handa on Count I of the Complaint (the "MSJ Order"), entered on March 13, 2024, Dkt. No. 22; and (2) the Stipulation to Dismiss Count II of the Complaint with Prejudice. Pursuant to the MSJ Order, judgment will be entered in favor of the Trustee and against Mr. Handa in the amount of $60,000.00.

Mr. Handa and the Trustee have agreed to fully and finally resolve Adv. No. 22-90019 as follows:

1. Mr. Handa and his counsel shall sign a Stipulated Final Judgment in the principal amount of $60,000, plus prejudgment interest at the rate of 4.85% per annum, and postjudgment interest at the statutory rate after the date the judgment is filed, if necessary. The agreed upon form the Stipulated Judgment is attached hereto as Exhibit A.

Addison Bonner, Esq.
November 21, 2024
Page 2

2. The Stipulated Judgment will not be filed unless Mr. Handa is 10 calendar days late on any payment set forth below, in which case the Trustee may submit for entry the Stipulated Final Judgment on the 11th day and collect the full amount of the Stipulated Final Judgment, less any payments received to date.

3. Mr. Handa shall make the following payments totaling $60,000:

   a. $10,000 by November 15, 2024
   b. $6,250 by December 16, 2024
   c. $6,250 by January 15, 2025
   d. $6,250 by February 17, 2025
   e. $6,250 by March 17, 2025
   f. $6,250 by April 15, 2025
   g. $6,250 by May 15, 2025
   h. $6,250 by June 15, 2025
   i. $6,250 by July 15, 2025

Payment shall be made by certified check, cashier's check, money order, or a Tamashiro Sogi & Bonner, ALC check payable to "Dane S. Field, Trustee" and reference "Adv. No. 22-90019", and be mailed to the Trustee at P.O. Box 4198, Honolulu, HI 96812.

4. Mr. Handa has not filed a proof of claim in this case and waives any claim against the estate, the Trustee, and his professionals, including any claims that he may have relating to the repayment of the avoided transfers.

5. Within 14 days after full and timely payment of the settlement amount in accordance with the terms of this Agreement, the parties shall submit a stipulation to dismiss Count I with prejudice.

6. If any dispute(s) or claim(s) arises out of or relating to this Agreement, the United States Bankruptcy Court, District of Hawaii shall have exclusive jurisdiction over such dispute(s) or claim(s).

7. This Agreement is conditioned upon Bankruptcy Court approval. This Agreement shall not be binding upon Trustee unless and until it is approved by the Bankruptcy Court pursuant to the entry of a final Court Order that is not subject to reversal or modification by appeal or by other means of judicial review.

8. Neither Trustee nor Mr. Handa shall be obligated hereunder if the Bankruptcy Court fails to approve this Agreement.

9. This Agreement may be executed in any number of counterparts and by different parties in separate counterparts, each of which when so signed shall be deemed to be an original, and all of which taken together shall constitute one and the same document,

binding upon all of the parties, notwithstanding that all of the parties do not sign the original or the same counterparts. The submission of a signature page transmitted by facsimile or electronic transmission facility in portable document format (pdf) shall be considered as an "original" signature page for purposes of this letter agreement.

If Mr. Handa is in agreement with the foregoing, please return your scanned signature on this letter to me no later than December 2, 2024, with the original promptly to follow by mail. Trustee then will sign it and seek Bankruptcy Court approval through filing of a Motion with opportunity to object pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-l(c). Trustee's agreement to the foregoing is subject to Bankruptcy Court approval within 60 days of the date of this letter. If you do not return this letter to me by December 2, 2024, there is no agreement and these proposed terms are void.

Very truly yours,

/s/ Christopher J. Muzzi

AGREED, subject to
Bankruptcy Court Approval:

_____
TEIJIRO HANDA
Defendant

_____
DANE S. FIELD, TRUSTEE
Plaintiff


APPROVED AS TO FORM:

*/s/ Christopher J. Muzzi*
CHRISTOPHER J. MUZZI
Special Counsel to
Plaintiff Dane S. Field,
Chapter 7 Trustee

_____
ADDISON D. BONNER
Attorney for Defendants
TEIJIRO HANDA and
YONATAN HAWAII, INC.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WING SPIRIT INC.,<br><br>Debtor. | Case No. 20-01383<br><br>(Chapter 7) |

## MEMORANDUM IN SUPPORT OF MOTION

DANE S. FIELD ("Trustee"), Trustee of the Bankruptcy Estate of WING SPIRIT INC. ("Debtor"), the above-named Debtor, submits this Memorandum in support of the Trustee's Motion to Approve Settlement Agreement and for Related Relief.

I.  JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

II.  BACKGROUND

Debtor was in the business of providing inter-island transportation and Medevac flights. On November 29, 2020, Debtor filed a petition under Chapter 11. On March 22, 2021, the Court entered an Order converting the case to Chapter 7 and

the Trustee was appointed in the case.

On November 17, 2022, Trustee filed an action against Teijiro Handa ("Mr. Handa"), *inter alia*, alleging one count, Count I, against Mr. Handa for receiving an avoidable preferential transfers totaling $60,000 (the "Claim"), Adv. Pro. No. 22-90019, U. S. Bankruptcy Court for the District of Hawaii. The Trustee alleged that the Claim arose from several repayments of short term loans that were for and on account of antecedent debt owed by Debtor to Mr. Handa before the transfers were made.

On March 13, 2024, the Court entered an Order Granting Dane S. Field, Trustee of Wing Spirit's Motion for Summary Judgment Against Defendant Tejiro Handa on Count I of the Complaint, which avoided the $60,000 of transfers to Mr. Handa such that they are recoverable by the Trustee for the benefit of the estate. Adv. Pro. Dkt. No. 22.

The Trustee and Mr. Handa have agreed to settle Count I on the terms and conditions set forth under letter dated November 21, 2024 (the "Agreement), a copy of which is attached as Exhibit "1" to the Motion submitted herewith.

III. PROPOSED AGREEMENT TERMS

The basic terms of the Agreement are as follows:

    1. Mr. Handa and his counsel shall sign a Stipulated Final Judgment in the principal amount of $60,000, plus prejudgment interest at the rate of 4.85% per annum, and postjudgment interest at the statutory rate after the date the judgment is filed, if necessary.

2
U.S. Bankruptcy Court - Hawaii   #20-01383   Dkt # 437   Filed 01/08/25   Page 8 of 14

2.	The Stipulated Judgment will not be filed unless Mr. Handa is 10 calendar days late on any payment set forth below, in which case the Trustee may submit for entry the Stipulated Final Judgment on the 11th day and collect the full amount of the Stipulated Final Judgment, less any payments received to date.

3.	Mr. Handa shall make the following payments totaling $60,000:

    a.	$10,000 by November 15, 2024
    b.	$6,250 by December 16, 2024
    c.	$6,250 by January 15, 2025
    d.	$6,250 by February 17, 2025
    e.	$6,250 by March 17, 2025
    f.	$6,250 by April 15, 2025
    g.	$6,250 by May 15, 2025
    h.	$6,250 by June 15, 2025
    i.	$6,250 by July 15, 2025

Payment shall be made by certified check, cashier's check, money order, or a Tamashiro Sogi & Bonner, ALC check payable to "Dane S. Field, Trustee" and reference "Adv. No. 22-90019", and be mailed to the Trustee at P.O. Box 4198, Honolulu, HI 96812.

4.	Mr. Handa has not filed a proof of claim in this case and waives any claim against the estate, the Trustee, and his professionals, including any claims that he may have relating to the repayment of the avoided transfers.

5.	Within 14 days after full and timely payment of the settlement amount in accordance with the terms of this Agreement, the parties shall submit a stipulation to dismiss Count I with prejudice.

6.	If any dispute(s) or claim(s) arises out of or relating to this Agreement, the United States Bankruptcy Court, District of Hawaii shall have exclusive jurisdiction over such dispute(s) or claim(s).

7.	The Agreement is conditioned upon Bankruptcy Court approval. This Agreement shall not be binding upon Trustee unless and until it is approved by the Bankruptcy Court pursuant to the entry of a final Court Order that is not subject to reversal or modification-by appeal or by other means of judicial review.

3

8.  Neither Trustee nor Mr. Handa shall be obligated hereunder if the Bankruptcy Court fails to approve the Agreement.

## IV. RELIEF AND AUTHORITY FOR RELIEF REQUESTED

The Court may, and should, authorize the Trustee to enter into the terms of the Agreement. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure grants a trustee the authority to seek approval of a compromise or settlement of a claim of a debtor's estate. The issue for the Court to determine before approval of a settlement agreement can be granted is whether the settlement is fair and equitable and in the best interest of the estate, e.g., Burton v. Ulrich (In re Schmidt), 215 B.R. 417, 424 (9th Cir. B.A.P. 1997). Under the above circumstances and facts, the Agreement meets the standard for approval in the Ninth Circuit stated in Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986), in that it provides for settlement payments to the Estate totaling the full amount of $60,000 that Mr. Handa was found liable for under Count I (the only count against him), but if Mr. Handa defaults on the installment payments, then the full amount of the settlement, plus pre- and postjudgment interest, shall be immediately due and payable, less any payments previously remitted. The Agreement minimizes the risk and expense to the Estate of continued litigation (such as an anticipated appeal) and eliminates collection issues. Under the circumstances the terms of the Agreement are fair and equitable and in the best interests of the Estate. Mr. Handa has made the

4

first two installment payments under the proposed settlement agreement.

V. CONCLUSION

Based on the foregoing, the Trustee requests that the Court enter an Order granting the Motion, approve the terms of the Agreement as being entered into by Trustee in the exercise of his sound business judgment and for such other and further relief as is appropriate.

Trustee further requests that any Order provide that, upon entry, the Order is final for all purposes, including appeal.

DATED: Honolulu, Hawaii, January 8, 2025.

/s/Christopher J. Muzzi
CHRISTOPHER J. MUZZI
Special Counsel to Dane S. Field,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>WING SPIRIT INC.,<br><br>Debtor. | Case No. 20-01383<br><br>(Chapter 7) |

## DECLARATION OF DANE S. FIELD IN SUPPORT OF MOTION

I, DANE S. FIELD hereby declare as follows:

1. I have personal knowledge of the facts stated in this Declaration and if called as a witness in this action, I could and would testify to all matters set forth herein of my own knowledge.

2. I am the duly appointed Trustee of the Estate of WING SPIRIT INC. ("Debtor"), the above-named Debtor, and submit this Declaration in support of the Trustee's Motion to Approve Settlement Agreement and for Related Relief ("Motion") filed herewith.

3. The record reflects that on November 29, 2020, Debtor filed a petition under Chapter 11. On March 22, 2021, the Court entered an Order converting the case to Chapter 7 and I was appointed as Trustee in the case.

4. I have read the Motion and Memorandum in Support of Motion. To the best of my knowledge, information, and belief, the facts asserted therein are true and

correct.

5. The terms of the Agreement for which I am requesting Bankruptcy Court approval are set forth in the letter dated November 21, 2024 between the Trustee and Tejiro Handa, attached as Exhibit "1" to the Motion.

6. I and my Special Counsel, Christopher Muzzi, Esq., believe that under the above circumstances and facts, the Agreement meets the standard for approval in the Ninth Circuit stated in <u>Martin v. Kane (In re A & C Properties),</u> 784 F.2d 1377, 1381 (9th Cir. 1986), in that it provides for settlement payments in installments to the Estate totaling the full amount of $60,000 that Mr. Handa was found liable for under Count I (the only count against him), but if Mr. Handa defaults on the installment payments, then the full amount of liability on Count I ($60,000), plus pre- and postjudgment interest, shall be immediately due and payable, less any payments previously remitted. The Agreement minimizes the risk and expense to the Estate of continued litigation (such as an anticipated appeal) and eliminates collection issues. Under the circumstances the terms of the Agreement are fair and equitable and in the best interests of the Estate.

7. For the reasons set forth in the Memorandum in Support of Motion and above, in the exercise of my business judgment, I believe that the terms and conditions set forth in the proposed Agreement are fair, reasonable and equitable and satisfy the factors under the applicable standard in the Ninth Circuit for approval of

a settlement and request that the Agreement be approved.

I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct.

Executed this 7 day of January, 2025, at Honolulu, Hawaii.

_____
DANE S. FIELD, Trustee